NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MELANIA HERRERA LOZANO; JONATHAAN FLORES HERRERA; MIRIAM FLORES HERRERA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3453

Agency Nos.
A208-594-006
A208-594-007
A208-594-008

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 21, 2025[**]
San Francisco, California

Before: CHRISTEN, LEE, and BRESS, Circuit Judges.

Melania Herrera Lozano and her minor children, natives and citizens of

Mexico, seek review of the Board of Immigration Appeals' (BIA) dismissal of their

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal of an Immigration Judge's (IJ) order denying their application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We confine our review to the decision of the BIA, except to the extent the BIA expressly adopted the IJ's opinion. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We review factual determinations for substantial evidence. *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

1. Petitioners argue the "IJ conducted no independent analysis of" the two minor petitioners' applications for relief. But petitioners failed to exhaust this claim because they did not raise it on their appeal to the BIA. We thus will not consider that argument for the first time on appeal. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020).

2. Whether we apply de novo or substantial evidence review, the BIA correctly determined that the petitioners did not suffer past persecution and lack a well-founded fear of future persecution necessary for asylum and withholding of removal.[1] Herrera Lozano's claim of past persecution includes an incident in which armed men at a roadblock required her young son to remain in their village while

_____

[1] We have typically assessed persecution claims based on substantial evidence, but we have at times also relied on de novo review. *See Singh v. Garland*, 97 F.4th 597, 603 (9th Cir. 2024). The Supreme Court recently granted certiorari to determine the appropriate standard of review for past persecution claims. *Urias-Orellana v. Bondi*, No. 24-777, 2025 WL 1787712 (U.S. June 30, 2025).

she went to a nearby hospital to give birth. Additionally, Herrera Lozano testified that she had to regularly keep her son home from school due to shootouts between rival gangs in their village, including one shootout close to her home. On at least one occasion, a group of 10 men with large guns demanded she stay at home "or something bad would happen." But Herrera Lozano also regularly crossed the same roadblock without incident. And the other isolated events that Herrera Lozano experienced were unaccompanied by specific threats or any physical harm and do not rise to the level of past persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1061–62 (9th Cir. 2021). Fear of generalized crime, like the crime in Herrera Lozano's village, also does not support a well-founded fear of future persecution. *See Hernandez-Galand v. Garland*, 996 F.3d 1030, 1037 (9th Cir. 2021).

3. Substantial evidence likewise supports the BIA's determination that petitioners' harms lack a nexus with their membership in a particular social group, as required for asylum and withholding of removal. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2012). Herrera Lozano testified that the armed men at the roadblock forced her to leave her son behind because they wanted to ensure she returned after giving birth. She could not say specifically why they did not want her to leave town. She also provided country condition evidence that shows petitioners belong to vulnerable social groups more frequently targeted by gangs. This evidence is insufficient to compel the conclusion that petitioners'

membership in certain social groups would be one central reason for the harm suffered by respondents or even a reason for the harm, as opposed to general criminal objectives. *See Rodriguez-Zuniga*, 69 F.4th at 1019–21; *Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010) (stating that fear of generalized criminality does not satisfy the nexus requirement).

4.  Finally, because Herrera Lozano and her children depend primarily on country condition evidence to claim that "more likely than not" they would face torture if returned to Mexico, they cannot establish the particularized risk of torture required for a successful CAT claim. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008). Hence, their CAT claim fails. *Id.*

**PETITION DENIED.**